# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MONARCH BEVERAGE CO., INC., | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 1:13-cv-1674-WTL-MJD |
| ALEX HUSKEY, in his official capacity as Chairman of the Indiana Alcohol and Tobacco Commission, et al., | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO INTERVENE

This cause is before the Court on the motion of Wine & Spirits Distributors of Indiana ("W&S") seeking to intervene as a defendant in this action. The motion is fully briefed, with the Plaintiff objecting to it and the Defendants (all members of the Indiana Alcohol and Tobacco Commission and herein referred to collectively as "the State") taking no position at this time but "reserv[ing] the right to object to any future amended pleadings that may call into question Indiana statutes that are not currently at issue in this matter." The Court, being duly advised, **DENIES** the motion to intervene for the reasons set forth below.

Under Indiana law, a person who is a licensed beer wholesaler cannot also hold an interest in a liquor wholesaler's permit. Plainitff Monarch Beverage Co., Inc., ("Monarch") is a beer and wine wholesaler; accordingly, it is barred by Indiana law from also participating in the wholesale liquor market. Monarch asserts in this action that this bar—and specifically each of the four statutory provisions that establish it[1]—violates the Equal Protection Clause of the

---

[1] Indiana Code 7.1-3-3-19 provides that the Indiana Alcohol and Tobacco Commission "may not issue a beer wholesaler's permit to a person who holds a wine wholesaler's permit and a liquor wholesaler's permit"; Indiana Code 7.1-5-9-3(b) provides that "[i]t is unlawful for the

Fourteenth Amendment to the United States Constitution. It requests declaratory relief—specifically that the four specific statutes "and all related laws" are unconstitutional "to the extent that [they] bar beer wholesalers from obtaining liquor wholesaler's permits"—and an injunction prohibiting the State "from enforcing any prohibition on those holding beer wholesaler's permits from obtaining liquor wholesaler's permits." Complaint at 13.

W&S is an unincorporated association of holders of wine and liquor wholesaler permits in Indiana. W&S disagrees with Monarch's argument that the statutory provisions at issue are unconstitutional. W&S also asserts that if Monarch prevails in this suit and those provisions are struck down, other provisions of Indiana's regulatory scheme governing wholesalers of alcoholic beverages will be rendered unconstitutional and/or will run afoul of federal antitrust law. W&S thus seeks to intervene as a defendant in this suit to "defend the constitutionality of Indiana's licensing scheme and, if necessary, to protect their legal and constitutional interests in fashioning an appropriate and even-handed remedy in light of other provisions of the Indiana Alcoholic Beverage Act implicated by Monarch's challenge." W&S Brief at 4.

Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." There is no dispute whether W&S's motion to intervene was

---

holder of a brewer's or beer wholesaler's permit to have an interest in a liquor permit of any type under this title"; Indiana Code 7.1-5-9-4 provides that an applicant for a beer wholesaler's permit shall have no interest in "[a]ny other permit to wholesale alcoholic beverages" or, "[t]hrough stock ownership or otherwise, [an entity] that holds . . . any other permit to wholesale alcoholic beverages of any kind"; and Indiana Code 7.1-5-9-6 provides that "[i]it is unlawful for the holder of a distiller's, rectifier's, or liquor wholesaler's permit to have an interest in a beer permit of any type under this title."

timely; it was filed just a few days after the answer was filed in this case. However, W&S's motion fails to satisfy at least one of the other requirements for intervention as of right: W&S has not demonstrated that its interests will not be adequately represented by the State at this stage of the proceedings. Indeed, W&S virtually concedes as much in its brief, arguing that while it believes the State will defend the constitutionality of the status quo, it fears that *if* the Court rules that the statutes challenged by Monarch violate the equal protection clause *then* W&S will have an interest "in regard to potential remedies" that might not be adequately represented by the State. Accordingly, the Court finds that—at least at this time—W&S does not satisfy the requirements of Rule 23(a)(2) and does not have a right to intervene in this action because it has not demonstrated that its interests will not be adequately represented by the State during the merits phase of the litigation.[2] *See, e.g., Benjamin ex rel. Yock v. Department of Public Welfare of Pa.*, 701 F.3d 938, 951 (3rd Cir. 2012) ("We therefore have recognized that it is appropriate in certain cases to conduct a two-step examination, separately evaluating whether the applicant has a right to intervene at the merits stage and whether he or she may intervene to participate in devising the remedy.") (citation omitted); *see also Gautreaux v. Pierce*, 743 F.2d 526 (7th Cir. 1984) (recognizing that intervention may be appropriate only for a specific, limited purpose).

W&S argues that even if it does not have a right to intervene, the Court should nonetheless exercise its discretion to permit it to do so pursuant to Federal Rule of Civil Procedure 24(b). The Court declines to do so at this time. There is no indication that the State will not rigorously defend the constitutionality of the statutes at issue. Permitting W&S to intervene would simply double the number of briefs the Plaintiff will have to respond to and the

---

[2] In so ruling, the Court recognizes W&S's argument that the issues they wish to raise also are relevant to the merits because the overall regulatory scheme is relevant to whether Monarch's equal protection rights are being violated. Again, there is simply no indication that the State will not adequately defend itself against Monarch's constitutional challenge.

3

Court will have to consider, and while this burden obviously will not be great, it is not likely to be offset by any benefit, given the State's motivation and ability to defend its own statutes against constitutional attacks.

If the State's efforts ultimately are unsuccessful, then perhaps—although the Court takes no position on the matter now—there will be reason to permit W&S to intervene to protect its interests in fashioning a remedy, but it would be premature to make that determination at this time. Accordingly, W&S's motion to intervene is **DENIED**; however, if the Plaintiff prevails on the merits, W&S may move to intervene for the purpose of weighing in on the appropriate remedy. If it does so, it will need to provide more specific information about the legal bases for the arguments it plans to advance than it has in its current briefs and explain why those arguments are better pursued as an intervenor in this suit rather than in a separate suit.

SO ORDERED: 06/20/2014

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification