UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONARCH BEVERAGE CO., INC., | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:13-cv-01674-WTL-MJD |
| DAVID JOHNSON in his official capacity as Vice Chairman of the Indiana Alcohol and Tobacco Commission, DALE GRUBB in his official capacity as Commissioner of the Indiana Alcohol and Tobacco Commission, MELISSA COXEY in her official capacity as Commissioner of the Indiana Alcohol and Tobacco Commission, DAVID JOHNSON in his official capacity as Chairman (pro tempore) of the Indiana Alcohol and Tobacco Commission, | ) |
| Defendants. | ) |

**ORDER ON MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS**

This matter comes before the Court on Amicus Indiana Beverage Alliance's (IBA) Motion for Leave to Appear as *Amicus Curiae* and to File Brief in Support of the State [Dkt. 83] and on Amicus Wine & Spirits Distributors of Indiana's ("Wine & Spirits") Motion for Leave to File *Amicus Curiae* Brief in Support of Defendants' Motion for Summary Judgment [Dkt. 86]. For the following reasons, the Court **DENIES** IBA's motion and **GRANTS** Wine & Spirits's motion.

**I. Background**

On October 21, 2013, Monarch Beverage Co., Inc. ("Plaintiff") filed suit against David Johnson, Dale Grubb, and Melissa Coxey in their official capacity as governing members of the

Indiana Alcohol and Tobacco Commission ("Defendants" or "the State") [1] challenging Indiana law preventing a beer distributor from obtaining a permit to become a liquor distributor on equal protection grounds. [Dkt. 80.] One year later, the State moved for summary judgment, asserting that the undisputed material facts and controlling case law clearly indicate that summary judgment should be granted in favor of the Defendants. [Dkt. 79.] Soon thereafter, IBA and Wine & Spirits filed their respective motions for leave to file briefs as *amici curiae*, which motions are now before the Court. [Dkt. 83; Dkt. 86.]

## II. Discussion

The Federal Rules of Civil Procedure do not contemplate the submission of *amicus curiae* briefs in the district court. *McCarthy v. Fuller*, No. 1:08-CV-994-WTL-DML, 2012 WL 1067863, at *1 (S.D. Ind. Mar. 29, 2012). Upon the rare occasion of such desire to participate as *amicus curiae* on the district court level, courts look to the principles used in implementing Rule 29 of the Federal Rules of Appellate Procedure. *Id.* Within the Seventh Circuit, a court should only grant permission to file an *amicus* brief when "(1) a party is not adequately represented (usually, is not represented at all); or (2) when the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief may, by operation of stare decisis or res judicata, materially affect that interest; or (3) when the amicus has a unique perspective, or information, that can assist the court of appeals beyond what the parties are able to do." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) (citing to *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063-64 (7th Cir. 1997)).

---

[1] Plaintiff also filed suit against Alex Huskey in his official capacity with the State, but he no longer works for the Indiana Alcohol and Tobacco Commission (ATC) and was therefore terminated from the matter on October 20, 2014.

In establishing these limited circumstances, the Seventh Circuit cautioned that "we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need," as an amicus curiae is, by definition, a friend of the court—not a position to be abused as an opportunity to essentially extend the length of the litigant's brief. *Ryan*, 125 F.3d at 1063-64. An amicus brief may meet this heightened standard when "the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). That being said, a brief that presents a few new citations and slightly more analysis but essentially covers the same ground as the parties' briefs is not sufficiently unique to meet the Seventh Circuit standard. *Id.* In the end, the decision to allow the filing of an amicus brief is "a matter of judicial grace." *Id.* (internal quotations omitted).

**A. The Motion of the Indiana Beverage Alliance**

IBA makes several arguments as to why it should be permitted to file an amicus brief in support of the State's motion for summary judgment. First, and least persuasive, IBA cites to a separate, though allegedly similar, case in which IBA was permitted to file an amicus brief. [Dkt. 83.] This is a completely improper basis that is wholly divergent from any one of the three limited circumstances in which the Seventh Circuit contemplates the permissibility of an amicus brief. Additionally, the court's order granting leave to appear as *amicus curiae* in that matter is three sentences long and contains no reasoning that could potentially aid IBA's reliance on such prior order. [Cause No. 1:13-cv-00784-RLY-DML, Dkts. 108, 120.] Therefore, the Court will not further consider this desultory argument.

The second argument put forth by the IBA asserts that it is "uniquely positioned to address the broader public policy and legal implications of this case and believes its brief will assist the Court by providing additional insight and authority that otherwise would not be presented to the Court." [Dkt. 83.] Although IBA cites to no case law in making this argument, the Court presumes that the IBA relies on the third category of permissible amicus briefs: "when the amicus has a unique perspective, or information, that can assist the court." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). *NOW* further cautions that "[a]micus curiae briefs . . . may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally." *Id.*; *see also Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) ("the Board's brief, if allowed to be submitted, would in effect bring that length up to 62 pages" from the 45 submitted by the petitioner). Even where there may be no ill intent or collusion, "it is very rare for an amicus curiae brief to do more than repeat in somewhat different language the arguments in the brief of the party whom the amicus is supporting," and such repetition does not meet the Seventh Circuit's standard for admission of an amicus brief. *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003).

Here, although there is significant space dedicated to the discussion of the post-Prohibition need for alcohol regulation that the State did not discuss, Plaintiff does not contest the existence of such regulations but specifically claims that it is improper to bar a beer distributor from obtaining a liquor license when wine distributors are not so barred. Accordingly, such historical context is irrelevant and not helpful to the Court. IBA then asserts that its inclusion of twenty-four unique citations of case law that are not in the State's brief is conclusive evidence that IBA's own brief is "unique." [Dkt. 91 at 3.] Although the presence of

only a few new case citations in an amicus brief may indicate that its content is *not* unique, the inverse is not necessarily true. The inclusion of additional cases means nothing when the ideas and assertions are the same, and, in fact, an amicus brief that contains a significant number of new case citations and yet fails to present new ideas or arguments is one that would effectually serve only to increase the page limit allotted to the State. Having reviewed IBA's amicus brief, the Court finds that there are no new ideas, arguments, theories, insights, facts, or data that would be helpful to the Court in considering the State's motion for summary judgment. Therefore, the Court **DENIES** the Indiana Beverage Alliances motion for leave to file its amicus brief.[2]

### B. The Motion of Wine & Spirits Distributors of Indiana

Wine & Spirits also asserts that its brief "brings a unique perspective and unique information that can be of assistance to the Court with respect to deciding the legal merits of Monarch's equal protection challenge." [Dkt. 86 at 3.] Specifically, Wine & Spirits claims that its brief is unique because it "focuses primarily on the franchise protections afforded exclusively to beer wholesalers." [*Id.*] As pointed out by Plaintiff in its response brief, the State's motion for summary judgment *does* discuss the franchise protections. [Dkt. 89 at 7-8] However, the State's discussion of the franchise protections primarily emphasizes that, although a beer distributor may not obtain a license to distribute liquor, the existence of the franchise protections, which only apply to beer distributors, ostensibly negates any unfairness. [*See* Dkt. 79 at 17-19.] The State then expounds on this idea to present a hypothetical where, because of Plaintiff's

---

[2] A point raised by Plaintiff in its response brief is that IBA's amicus brief is too long, exceeding the page limitation set forth in Federal Rule of Appellate Procedure 29(d). [Dkt. 89 at 8.] In reply, IBA seems to argue that it is not clear whether the page limitations of Rule 29 would apply in the district court. [Dkt. 91 at n.6.] Although this is a moot point given that the Court has denied IBA's motion for leave to file its amicus brief, the Court feels compelled to remind IBA that its very motion to leave to file an amicus brief rests on the district court's application of Rule 29 even though this Court has no such rule permitting leave to file amicus briefs. Thus, in the future it would be wise for IBA to avoid arguing that the rule that forms the basis of its motion is inapplicable.

presence as an exclusive distributor of certain beers, if Plaintiff were to sell liquor as well, the price of liquor could go down, which could endanger the public. [*Id.* at 32-33.]

Meanwhile, throughout three pages of its proposed amicus brief, Wine & Spirits discusses the potential consequence not of Plaintiff's potential *advantage*, but of any liquor distributor's potential *disadvantage*. [Dkt. 86-1 at 9-11.] Assuming that extending the option to beer distributors to distribute liquor would likewise extend the option to liquor distributors to distribute beer, Wine & Spirits argues that such liquor distributors would be placed at an extreme disadvantage in an attempt to break into the beer market. [*Id.*] This concept is relevant and is not discussed in the State's brief, and the Court finds that it falls squarely within the third category of amicus brief admissibility: "when the amicus has a unique perspective, or information, that can assist the court." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000).

However, Plaintiff additionally argues that Wine & Spirits's motion should not be granted because Wine & Spirits failed to "candidly disclose" that it is an association that represents Monarch's competitors. [Dkt. 89 at 3-4.] Plaintiff goes on to review Wine & Spirits's larger corporate structure and informs the Court of its "coordinated offensive" with IBA, as the two groups evidently exchanged drafts of their respective motions for leave to file amicus briefs before the motions were filed. [*Id.*] However, Federal Rule of Appellate Procedure 29(b)(1) requires only that the motion contain the "movant's interest," and Wine & Spirits so disclosed that it "is an unincorporated association composed of members holding wine & liquor wholesaler's permits in Indiana" and "has a strong interest in defending the constitutionality of Indiana's three-tiered system for regulating the distribution and sale of alcohol and beverages within the state." [Dkt. 86 at 2.] Further, Rule 29(c)(5) requires the movant to disclose whether

the State's counsel authored the potential amicus brief in whole or in part or whether the preparation of the brief received outside funding, from the State or another source, which Wine & Spirits in fact confirms in its motion. [*Id.* at 4.] Accordingly, Wine & Spirits has met the Rule 29 requirements for disclosure, and the Court **GRANTS** the Wine & Spirits Distributors of Indiana's motion for leave to file its amicus brief.

### III. Conclusion

For the aforementioned reasons, the Court hereby **DENIES** Amicus Indiana Beverage Alliance's Motion for Leave to Appear as *Amicus Curiae* and to File Brief in Support of the State [Dkt. 83] and **GRANTS** Amicus Wine & Spirits Distributors of Indiana's Motion for Leave to File *Amicus Curiae* Brief in Support of Defendant's Motion for Summary Judgment [Dkt. 86]. Accordingly, Wine & Spirits Distributors of Indiana's *Amicus Curiae* Brief in Support of Defendants' Motion for Summary Judgment [Dkt. 86-1] shall be filed by the Clerk of the Court as of the date of this Order.

Date: 12/11/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Steven M. Badger
BADGER LAW OFFICE
sbadger@badgercounsel.com

Michael P Maxwell, Jr
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

John B. Herriman
CLARK, QUINN, MOSES, SCOTT & GRAHN
bherriman@clarkquinnlaw.com

Brian J. Paul
ICE MILLER LLP
brian.paul@icemiller.com

Derek R. Molter
ICE MILLER LLP
derek.molter@icemiller.com

Richard A. Smikle
ICE MILLER LLP
richard.smikle@icemiller.com

Kenneth Lawson Joel
INDIANA ATTORNEY GENERAL
kenneth.joel@atg.in.gov

Sara Teresa Martin
INDIANA ATTORNEY GENERAL
sara.martin@atg.in.gov

Betsy M. Isenberg
OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Allison Jones
WILLIAMS & CONNOLLY LLP
ajones@wc.com

Kannon K. Shanmugam
WILLIAMS & CONNOLLY LLP
kshanmugam@wc.com

Amy Saharia
WILLIAMS & CONNOLLY, LLP
asaharia@wc.com

Barry S. Simon
WILLIAMS & CONNOLLY, LLP
bsimon@wc.com